# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| ERIC OLLISON, | ) | **RESPONSE TO MOTION** |
| | ) | |
| Plaintiff-Appellant, | ) | Seventh Circuit |
| | ) | Case No. 23-1125 |
| v. | ) | |
| | ) | Central District of Illinois |
| GREGORY GOSSETT, et al., | ) | Case No. 17 C 1077-JES-JEH |
| | ) | Judge James E. Shadid |
| Defendants-Appellees. | ) | |

## PLAINTIFF-APPELLANT'S RESPONSE TO MOTION TO REDACT

Plaintiff-Appellant, ERIC OLLISON, through his attorney, Irene K. Dymkar, hereby responds to a motion to redact terms of a prior settlement in the Court's records:

1) Defendants who were not part of this appeal, Jennifer Easley, LPN, Karena Barker, LPN, Kandis Critz, RN, Christine Peltier, RN, Shirley Law, Edna Greenhagen, Dr. Rebecca Einwohner, R. Maurice, Connie Sword, C. Reynolds, Lisa Bishop, David Hopkins, and Wexford Health Sources, Inc. ("Wexford Defendants") have moved to redact the settlement amount for their part of the case that appears in this Court's records.

2) Regardless of the terms of the settlement agreement between Plaintiff and the Wexford Defendants, the information regarding the settlement amount is public record. In *Rushton v. Department of Corrections,* 2019 IL 124552, ¶ 22, the Illinois Supreme Court held that the settlement agreement between the contracted medical care provider for inmates at a correctional center (in that case also Wexford) and the estate of former inmate who died of cancer was directly related to governmental function that the provider performed for Department of Corrections and, thus, was public record under the Freedom of Information Act.

3) As predicted at the time of settlement, and acknowledged at the time by Wexford counsel, the movant in this case, this readily accessible information has been accessed and distributed by members of the civil rights bar other than Plaintiff's counsel.

4) Thus, when Judge David F. Hamilton asked during oral argument in this case whether the settlement amount was public, and Plaintiff's counsel answered, "Yes," counsel did not "falsely respond[]" as alleged by the Wexford defendants.

5) Plaintiff leaves the issues of redaction of its records to the good judgment of the Court.

WHEREFORE, Plaintiff-Appellant, ERIC OLLISON, respectfully responds to the motion of the Wexford defendants and defers to the Court in this matter.

Pursuant to 28 U.S.C. §1746, the undersigned declares under penalty of perjury that the foregoing is true and correct.

Dated: June 16, 2025                             /s/   Irene K. Dymkar
                                                       Irene K. Dymkar


Plaintiff-Appellant's Attorney:
Irene K. Dymkar
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

**CERTIFICATE OF SERVICE**

  I, Irene K. Dymkar, an attorney, certify that on June 16, 2025, a copy of this motion was served, through the CM/ECF system, upon the attorneys for Defendants-Appellees, who are registered CM/ECF users. The attorney for the Wexford defendants, Joseph N. Rupcich, will be served by email at jrupcich@cassiday.com.

Dated: June 16, 2025              /s/ *Irene K. Dymkar*
                           Irene K. Dymkar